[Cite as *Cleveland v. Harding*, 2013-Ohio-2691.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98916

# CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# LEON W. HARDING

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2011 TRC 070444

**BEFORE:** Stewart, A.J., Celebrezze, J., and Jones, J.

**RELEASED AND JOURNALIZED:** June 27, 2013

**ATTORNEY FOR APPELLANT**

Christopher Lenahan
13001 Athens Avenue, No. 200
Lakewood, OH    44107


**ATTORNEYS FOR APPELLEE**

Barbara Langhenry
Director of Law

BY:    Gina M. Villa
Assistant City Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} Defendant-appellant Leon Harding appeals the decision of the Cleveland Municipal Court finding him guilty of driving under the influence of alcohol in violation of Cleveland Codified Ordinances ("C.C.O.") 433.01(A), a misdemeanor of the first degree. At his bench trial, the court ordered Harding to pay fines and court costs, suspended his driver's license, ordered him to attend alcohol abuse programs, and placed him on probation for one year. Harding challenges the propriety of the investigation into whether he was driving under the influence and also challenges the sufficiency of the evidence used to convict him. We affirm the decision of the trial court.

{¶2} In the evening hours of December 17, 2011, Harding and a friend were driving on West 117th Street in the city of Cleveland when they were involved in a minor collision with another vehicle. Officer Carlos Robles arrived at the scene and was immediately approached by the driver of the other vehicle who informed Robles that he believed Harding to be driving while intoxicated. When Robles approached Harding's vehicle, Harding was in the driver's seat and the vehicle was on. Robles noticed that Harding's breath smelled of alcohol, and his speech was slurred. Officer Robles asked Harding to get out of his vehicle and into the police car. Inside the officer's car, Robles administered two sobriety tests including having Harding recite the alphabet and count up

to 50 in units of five. Given the icy, snowy conditions, the weather was too inclement to perform any walking sobriety tests.

{¶3} After the tests were administered, Harding was arrested for driving under the influence. His conviction was based solely on the testimony of Officer Robles. A blood alcohol content test was conducted, but the results were deemed inconsistent by the prosecution and not introduced into evidence at trial.

{¶4} On appeal, Harding raises two assignments of error. First, Harding argues that the police officer wrongfully administered sobriety tests where there was no reasonable suspicion of criminal activity. Secondly, Harding argues that his conviction for driving under the influence of alcohol was based on insufficient evidence.

{¶5} The Fourth Amendment of the United States Constitution, as well as Section 14, Article I of the Ohio Constitution, guarantee the right to be free from unreasonable searches and seizures. *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, _ 7, citing *State v. Orr*, 91 Ohio St.3d 389, 745 N.E.2d 1036 (2001). In general, a traffic stop is constitutionally valid if an officer has a reasonable and articulable suspicion that a motorist has committed, is in the process of committing, or is about to commit a crime. *Mays* at _ 7. The legality of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances. *Id.*, citing *State v. Freeman*, 64 Ohio St.2d 291, 414 N.E.2d 1044 (1980), paragraph one of syllabus. Additionally, a police officer who initially lacks probable cause, but whose observations lead him to reasonably suspect that a particular person's behavior is criminal, may detain

the person briefly to investigate the circumstances that provoked the suspicion. *Mays* at _ 13.

{¶6} An officer may not request a motorist to perform field sobriety tests unless the request is separately justified by a reasonable suspicion based upon articulable facts that the motorist is intoxicated. *Parma Hts. v. Dedejczyk*, 8th Dist. No. 97664, 2012-Ohio-3458, _ 29, citing *State v. Evans*, 127 Ohio App.3d 56, 711 N.E.2d 761 (11th Dist.1998). However, the Supreme Court of Ohio has recognized that probable cause to arrest for driving under the influence exists where a police officer arrives at the scene of an accident and, although no driving is observed, a suspect is found in or near the automobile with an odor of alcohol and slurring his speech. *Oregon v. Szakovits*, 32 Ohio St.2d 271, 291 N.E.2d 742 (1972).

{¶7} In this case, while Officer Robles did not observe Harding driving, Harding was behind the steering wheel of the vehicle with the engine running when Robles arrived at the scene. These facts, coupled with the officer's testimony that he smelled alcohol and that Harding's speech was slurred, were sufficient to suspect Harding was driving under the influence, thus justifying conducting the sobriety tests. Only after Harding's performance on the sobriety tests did Robles have probable cause to arrest Harding for driving under the influence. Harding's first assigned error is overruled.

{¶8} Next, Harding argues that his conviction was based on insufficient evidence. We disagree.

{¶9} An appellate court's role when reviewing the sufficiency of the evidence is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of a defendant's guilt beyond a reasonable doubt. *State v. Grablovic*, 8th Dist. No. 91514, 2009-Ohio-2716, _ 19. After reviewing the evidence in a light most favorable to the prosecution, an appellate court must decide whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.*

{¶10} C.C.O. 433.01(A) states that "[n]o person shall operate any vehicle, streetcar, or trackless trolley within this City, if * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." There is no dispute that Harding was the operator of the vehicle on the night in question. The remaining question is whether the city met its burden by proving that Harding was under the influence of alcohol when operating the vehicle.

{¶11} In support of his argument that the city's evidence was insufficient to convict him, Harding first challenges the sobriety tests performed by Robles. Harding argues that the tests are not recognized by the National Highway Traffic Safety Administration ("NHTSA"), and thus are inadmissible under C.C.O. 433.01(B) for purposes of determining whether an individual is under the influence of alcohol. This argument is without merit.

{¶12} Cleveland Codified Ordinances 433.01(B) states:

In any criminal prosecution or juvenile court proceeding for a violation * *
* relating to operating a vehicle while under the influence of alcohol, * * *

if a law enforcement officer has administered a field sobriety test to the operator of the vehicle involved in the violation and if it is shown by clear and convincing evidence that the officer administered the test in *substantial compliance* with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to, any testing standards then in effect that were set by the national highway traffic safety administration, all of the following apply:

1.  The officer may testify concerning the results of the field sobriety test so administered;

2.  The prosecution may introduce the results of the field sobriety test so administered as evidence in any proceedings in the criminal prosecution or juvenile court proceeding;

3.  If testimony is presented or evidence is introduced under division (d)(4)B.1. or 2. of this section and if the testimony or evidence is admissible under the Rules of Evidence, the court shall admit the testimony or evidence and the trier of fact shall give it whatever weight the trier of fact considers to be appropriate.

(Emphasis added.)

**{¶13}** Based on the testimony of Officer Robles regarding the administration of the sobriety tests, the trial court properly found that the tests were administered in substantial compliance with testing standards. Also, the ordinance makes clear that the testing standards with which an officer must comply are not limited to those of the NHTSA.

**{¶14}** Additionally, a "police officer's observations during [field] tests * * * are admissible merely because they are relevant to whether the defendant is intoxicated." *Cleveland v. Hunter*, 8th Dist. No. 91110, 2009-Ohio-1239, _ 62. In *Hunter*, this court held, "[i]t would be relevant if the defendant could not hold himself steady, stumbled

when he walked, or fell down when he tried to stand on one foot. These are the type of facts an officer might observe during field sobriety tests." *Id.*

**{¶15}** At trial, Robles testified to having observed intoxicated people thousands of times over the 20-plus years that he has been a police officer. Robles stated that during the sobriety tests, Harding had problems reciting the alphabet and difficulty following instructions when asked to count to 50. The officer testified that Harding could not get past the letter "D" in the alphabet and refused to stop counting when asked to do so. He observed that Harding's speech was "thick-tongued" and that he appeared sleepy and swayed back and forth when talking — unable to stand in the manner consistent with a sober person. With this testimony, the city provided sufficient evidence that Harding was driving under the influence of alcohol.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MELODY J. STEWART, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR