[Cite as *Cleveland v. Melton*, 2016-Ohio-5139.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103809**

## CITY OF CLEVELAND

PLAINTIFF-APPELLANT

vs.

## VERNOL MELTON

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2015 TRC 28153

**BEFORE:** S. Gallagher, J., Kilbane, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 28, 2016

**ATTORNEYS FOR APPELLANT**

Barbara Langhenry
City of Cleveland
Director of Law
BY:  Karyn J. Lynn
Assistant City Prosecutor
1200 Ontario Street - 8th Floor
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Chief Public Defender
BY:   John T. Martin
        Gusty A. Rini
Assistant Public Defenders
310 Lakeside Avenue - Suite 200
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

**{¶1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. The city of Cleveland ("the city"), appeals from the Cleveland Municipal Court's order granting Vernol Melton's motion to suppress the evidence obtained following a traffic stop. We affirm.

**{¶2}** In July 2015, an Ohio State Highway Patrol officer stopped Melton for speeding. Melton was cited for operating a vehicle while intoxicated, with a .108 blood alcohol concentration; reckless operation; and having fictitious plates. Melton filed a motion to suppress, in part arguing that there was no reasonable suspicion to administer field sobriety tests.

**{¶3}** The trial court held a hearing. The officer testified to the following facts. Melton was driving a vehicle owned by his passenger's son. After pulling Melton over for speeding, the officer began to ask Melton questions. The passenger responded; the officer had approached the vehicle from the passenger side. Melton did not make eye contact with the officer. Melton asked for permission to step out of the vehicle and exited his vehicle. The parties dispute whether the officer ordered Melton to exit the car or whether Melton asked to exit so he could reach his driver's license. Regardless, after Melton exited the car, the officer maintained that he smelled alcohol and further clarified that the odor was from Melton's person and not from his breath. At that point, the officer decided to administer field sobriety tests, which Melton failed. After the tests

were administered, Melton admitted to consuming a single beer. The trial court granted the motion to suppress based on those facts.

{¶4} The city appealed, claiming that "[t]he trial court erred in finding that the officer's decision to allow [Melton] to step out of the car was dispositive of the admissibility of the remaining evidence." Within this sole assignment of error, the city argues that the trial court erred in suppressing the evidence from the field sobriety tests because Melton was lawfully stopped, and therefore, the officer had probable cause to remove Melton from the car and all evidence subsequently obtained was admissible. We agree that the officer may have been authorized to remove Melton from the vehicle, but our agreement does not mean the trial court erred. Whether the officer was authorized to remove Melton from the vehicle after a lawful stop is irrelevant to the determination of whether the officer had a reasonable, articulable suspicion of intoxication justifying the administration of the field sobriety tests.

{¶5} The record reflects that the trial court "assumed for the sake of discussion" that the officer had the right to remove Melton from the car and requested an argument justifying the officer's decision to administer field sobriety tests. Tr. 60:3-9. This is the correct analysis under the relevant law in Ohio. "[A] police officer must have a reasonable suspicion based upon articulable facts that the suspect is intoxicated before the officer may administer field sobriety tests." *Chagrin Falls v. Calabrese*, 8th Dist. Cuyahoga No. 101197, 2014-Ohio-5340, ¶ 13, citing *Cleveland v. Harding*, 8th Dist. Cuyahoga No. 98916, 2013-Ohio-2691, ¶ 6.

**{¶6}** The city has not presented any arguments or citations to the relevant law on the only dispositive issue. App.R. 16(A)(7). Our review must be limited to the arguments as presented. Whether the officer had probable cause to stop Melton for speeding in the first place is not relevant to determining whether the officer had a reasonable, articulable suspicion that Melton was intoxicated for the purpose of administering the field sobriety tests after the lawful stop. We must affirm.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR